**IN RE: S&B SURGERY CENTER, Debtor,**

---

LFMG-S&B, LLC, a California Limited Liability Company, Appellant,

v.

Buchalter Nemer, a California Professional Law; Benjamin S. Seigel, Appellees.

No. 16-55879

United States Court of Appeals, Ninth Circuit.

Argued and Submitted November 13, 2017 Pasadena, California

Filed December 21, 2017

Herbert Dodell, Esquire, The Dodell Law Corporation, Woodland Hills, CA, Michael Eugene Reznick, Law Offices of Michael E. Reznick, Oak Park, CA, for Appellant

Daniel Joseph McCarthy, Esquire, Attorney, William Alexander Meyers, Attorney, Hill, Farrer & Burrill, LLP, Los Angeles, CA, for Appellees

Before: KOZINSKI,* HAWKINS and PARKER,** Circuit Judges.

### MEMORANDUM ***

1. In California, legal malpractice claims may be assigned only under narrow circumstances. See White Mountains Reinsurance Co. of Am. v. Borton Petrini, LLP, 221 Cal. App. 4th 890, 892, 164 Cal.Rptr.3d 912 (2013). LFMG's acquisition didn't include other "assets, rights, obligations, [or] liabilities," so the malpractice claim wasn't assigned as an "incidental part of a larger commercial transfer." Id. The transfer was also functionally "analogous to the assignment of a bare [malpractice] cause of action" because the claims against Fortress were time-barred. Id. at 909, 164 Cal. Rptr.3d 912. The original client was not an insurance company. Id. at 892, 164 Cal. Rptr.3d 912. Nor did Buchalter and the Trust communicate through third parties. Id. The assignment here comes nowhere close to satisfying the White Mountains test.

2. The district court didn't err in affirming the bankruptcy court's refusal to grant leave to amend. Even if LFMG were a third-party beneficiary, the statute of limitations would have run on the malpractice claim. See Cal. Code Civ. Proc. § 340.6(a).

**AFFIRMED.**

* Prior to his retirement, Judge Kozinski fully participated in this case and concurred in this disposition after deliberations were complete.

** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.